# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER CARRIGER, | Case No. EDCV 08-1606-JEM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On December 10, 2008, Jennifer Carriger ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on March 18, 2009. On September 10, 2009, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed.

**BACKGROUND**

On May 31, 2005, Plaintiff Jennifer Carriger filed an application for SSI benefits and/or Disability Insurance. (AR 2.) She is a 32 year old woman who has the medically determinable impairments of bipolar disorder and disorders of the back. (AR 2, 15.) She has not engaged in substantial gainful activity since the May 31, 2005, application date. (AR 15.)

Plaintiff's claims were denied initially on September 16, 2005, and on reconsideration on October 26, 2006. (AR 13.) Plaintiff filed a timely request for hearing which was held on November 1, 2006, in San Bernardino, California, before Administrative Law Judge ("ALJ") Joan G. Knight. (AR 13.) Claimant appeared and testified and was represented by counsel. (AR 13, 282-310.)

The ALJ issued an unfavorable decision on May 30, 2008, denying Plaintiff's claim for benefits. (AR 10-19.) The ALJ concluded that Plaintiff had the medically determinable impairments of bipolar disorder and disorders of the back but that these impairments singly or in combination were not severe. (AR 15.) Consequently, the ALJ determined that Claimant has not been under a disability within the meaning of the Social Security Act. (AR 19.)

Plaintiff filed a timely request for review by the Appeals Council, which was denied on October 14, 2008. (AR 3-5.) Plaintiff then timely filed the complaint in this case.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the Commissioner committed reversible error by failing to evaluate properly Plaintiff's credibility?

2. Whether the Commissioner committed reversible error by failing to evaluate properly Plaintiff's subjective complaints of pain?

3. Whether the Commissioner committed reversible error by failing to find Plaintiff's mental impairment severe?

    4. Whether the Commissioner committed reversible error by ignoring evidence from Plaintiff's treating sources?

    5. Whether the ALJ committed reversible error by failing to consider Plaintiff's obesity in combination with other impairments?

    6. Whether the Commissioner committed reversible error by failing to utilize a vocational expert in light of significant non-exertional limitations?

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

The Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and free of legal error.

### A. The Sequential Evaluation

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

### B. The ALJ's Step Two Determination

At step two of the five step sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen v. Yuckert, 482 U.S. at 140-141. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two inquiry is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-154. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. Smolen, 80 F.3d at 1290; SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

The ALJ determined that Plaintiff suffers from the medically determinable impairments of bipolar disorder and disorders of the back. (AR 15.) The ALJ, however, concluded that these impairments separately and in combination were not severe and rejected Plaintiff's claim at step two of the sequential process.

### C. There Is No Medical Evidence Supporting Disability

All of the treating sources concluded that Plaintiff's physical and mental impairments did not result in significant functional limitations and thus were not severe.

The ALJ relied on Dr. Sophon, an orthopedic surgeon, in regard to Plaintiff's alleged physical impairments. (AR 17.) Dr. Sophon conducted a complete orthopedic evaluation of Plaintiff whose chief complaint was low back pain. (AR 181-185.) Dr. Sophon's August 19, 2005, report found full range of motion of the cervical spine (AR 183) and normal range of motion in upper and lower extremities. (AR 183-84.) He concluded that "this claimant does not have significant physical impairment and there are no functional restrictions." (AR 17, 185.) Plaintiff complains that the ALJ decision does not mention certain medical records,

including AR 259-281, but in those records is a radiology exam that found mild scoliosis of the lumbar spine but otherwise within normal limits with intact disc spaces and no soft tissue abnormalities. (AR 278.)

The ALJ relied heavily on Dr. Linda Smith in regard to Claimant's alleged mental impairments. (AR 16-18.) Dr. Smith is a psychiatrist who conducted a complete psychiatric evaluation of Claimant who complained of depression. (AR 170.) Dr. Smith's June 20, 2006, report found Plaintiff not credible (AR 170.) Dr. Smith stated that Plaintiff had engaged in exaggeration and manipulation (AR 175) and gave poor effort on the Mental Status Examination. (AR 175-176.) Dr. Smith gave Plaintiff a GAF of 85. (AR 177.) Dr. Smith opined, "I do not see any evidence of her claims and I do not believe she has an Axis I or Axis II disorder at this time." (AR 177.) Dr. Smith concluded in her functional assessment that Plaintiff was not impaired mentally in her ability to work. (AR 177-178.)

Other mental health treating sources mentioned by the ALJ reached similar conclusions about Plaintiff's alleged mental impairment. Dr. Taylor, a clinical psychologist, conducted a psychological evaluation of Claimant. (AR 186.) In his August 15, 2005, summary report, Dr. Taylor related that Plaintiff was an unreliable historian, her effort was minimal, and she failed the test for malingering. (AR 18, 188, 190.) He assessed Plaintiff to be only mildly impaired. (AR 191.) Board certified psychiatrist Dr. Hurwitz also indicated that Claimant's impairments were not severe. (AR 18, 156.) Dr. Paxton, another psychiatrist, concurred, finding "no functional limitations." (AR 18, 145.) In reaching that decision, Dr. Paxton found Plaintiff to be inconsistent, vague, evasive, and unreliable. (AR 144-45.)

There was a short psychiatric hospitalization in 2002, but Plaintiff's symptoms improved dramatically after admission and she was discharged home a few days later. (AR 18.) Dr. Ali, the treating psychiatrist, reported that Plaintiff was alert, cooperative, and did not require hospitalization. (AR 18.) The ALJ states that Dr. Ali determined that Plaintiff

had bipolar disorder (AR 18) but in fact Dr. Ali stated that Plaintiff's symptoms were only "suggestive" of bipolar disorder. (AR 202.)

Plaintiff herself presented no medical evidence. She complains that the ALJ did not consider certain medical records (JS 2, 14-16), but the ALJ decision in fact does address some of the evidence in those records like Plaintiff's short hospitalization in 2002. (AR 18.) None of these records contain any evidence of severe impairments that result in functional limitations that preclude all work.

Plaintiff further asserts that this case should be remanded due to new and material evidence, namely additional medical records from Desert Valley Hospital. (JS 22-24.) These records, however, were not presented to the ALJ or to the Appeals Council. (JS 23.) These records were available before the Appeals Council rendered its decision. (JS 22.) Plaintiff paid $30.25 to obtain the records soon after the Appeals Council ruled. (JS 24.) There does not appear to be any good reason why she could not have done so sooner. In any event, these new records do not evidence severe impairments or more than mild functional limitations that could change the result here. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (must be reasonable possibility new evidence would have changed outcome).

There is no medical or treating source evidence that Plaintiff suffers severe physical or mental impairments resulting in functional limitations that would preclude all work.

**D. There Is Substantial Evidence To Support The ALJ's Decision Of Plaintiff's Subjective Symptoms**

Although there is no medical evidence supporting disability, Plaintiff complains of pain and mood swings. (AR 68, 161.) She testified at the administrative hearing that she was in pain all the time. (AR 289.) Her husband submitted a similar statement. (AR 113, 121.) The ALJ, however, rejected this testimony because it was "inconsistent and unpersuasive." (AR 16.) There is substantial evidence supporting the ALJ's decision.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.3d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ must specifically make findings that support this conclusion. Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d 722; Smolen, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

In this case, the ALJ determined that Plaintiff's medically determinable impairments could be expected to produce the alleged symptoms. (AR 17.) The ALJ, however, found the testimony about the severity of the alleged symptoms not credible. The ALJ made specific findings discrediting Plaintiff's subjective symptoms and credibility, including findings of malingering and poor effort during examinations.

The ALJ cited Dr. Smith's opinion that Plaintiff was not credible during the examination and gave poor effort. (AR 17.) The ALJ also observed that, in an August, 2005 psychological evaluation, Plaintiff failed a malingering test and gave only minimal effort during the examination. (AR 17.) The ALJ further cited Dr. Taylor's psychological evaluation that found Plaintiff to be an unreliable historian who gave minimal effort on

testing and found that Plaintiff was functioning at a much higher level than her IQ scores suggested. (AR 17-18, 190.)

The ALJ also cited evidence from a prior benefit application that a third party contact indicated the Plaintiff "was not in need of disability and the family was unaware of any mental problems with the claimant but that she had been adversely influence to file a claim by her friends." (AR 17.) Plaintiff complains that this evidence is outside the record for her current claim, but an ALJ may appropriately consider a claimant's reputation for lying and other testimony that appears less than candid. Smolen, 80 F.3d at 1284.

Thus, there was substantial evidence to support the ALJ's conclusion that Plaintiff was less than fully cooperative and put forth poor effort in examinations. (AR 17.) Even more importantly, every medical source found Plaintiff's impairments non-severe with only mild or no functional limitations. Rollins, 261 F.3d at 857 (while subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of a claimant's pain). The ALJ, moreover, noted that there had been significant periods of time during which Plaintiff was not taking any medications for her alleged symptoms. (AR 17.) Minimal level of treatment has been found to suggest a lower level of pain and functional limitation than what was alleged by the claimant. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).

The ALJ correctly concluded that allegations of impairments "so severe to preclude all sustained work activity are not credible in light of the Claimant's medical history, the objective medical findings, the evidence of malingering and the record when considered as a whole." (AR 18.) There is no reason or basis in the record for disturbing the subjective symptom and credibility determinations of the ALJ. Determinations about credibility are generally the province of the ALJ. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

### E. The ALJ's Conclusion That Plaintiff's Impairments Are Not Severe Is Supported By Substantial Evidence And Free Of Legal Error

The ALJ determined that Plaintiff had the medical impairments of bipolar disorder and disorders of the back. These impairments, however, resulted in only mild functional limitations that do not preclude all work. There was no medical evidence at all to suggest any severe functional limitations that would preclude all work. The testimony regarding the severity of Plaintiff's alleged subjective symptoms was not credible. Substantial evidence supports the ALJ's determination that Plaintiff's impairments are not severe and that Plaintiff is not disabled. The ALJ was correct in her step two determination that Plaintiff's impairments were not severe. The ALJ decision is free of legal error.

Plaintiff argues that a vocational expert was necessary but there is no requirement of a vocational expert at step two of the sequential process. Determinations of Claimant's residual functional capacity and whether she can perform past relevant work or alternative jobs in the economy occur at steps four and five in the sequential process. This case ended at step two of the process. Use of a vocational expert where non-exertional limitations are asserted is only required at step five. Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); Reddick, 157 F.3d at 729.

Plaintiff also argues that the ALJ's decision fails to consider Plaintiff's obesity but Plaintiff never asserted any connection between her obesity and her impairments. (AR 68, 208-308.) Claimant, represented by counsel, had an obligation to do so and the burden of proof to establish that her weight caused or exacerbated functional limitations. In Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005), the Ninth Circuit held under similar facts that the ALJ did not commit reversible error by not addressing Plaintiff's obesity at step two of the sequential process where there was no evidence of significant functional impairments. Plaintiff's obesity could not be a severe impairment by itself or in combination with other impairments because no significant functional limitations were ever demonstrated.

**ORDER**

IT IS HEREBY ORDERED that the Decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 3, 2010                    */s/ John E. McDermott*
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE